**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4752-15T1

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

JACOB STEFANSKY, MRS. JACOB
STEFANSKY, his wife,

    Defendants-Appellants,

and

UNITED STATES SMALL BUSINESS
ADMINISTRATION, AS RECEIVER
FOR PENNY LANE PARTNERS, LP;
UNITED STATES OF AMERICA,

    Defendants.

_____

        Argued September 18, 2017 - Decided October 6, 2017

        Before Judges Accurso and Vernoia.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Ocean County, Docket No.
        F-021316-14.

        Daniel Louis Grossman argued the cause for
        appellants.

Brian P. Matthews argued the cause for respondent (Reed Smith LLP, attorneys; Henry F. Reichner, of counsel and on the brief).

PER CURIAM

In this contested mortgage foreclosure action, defendants Jacob Y. Stefansky and his wife appeal from the entry of final judgment contending plaintiff Wells Fargo Bank, N.A., caused the default of Stefansky's mortgage loan, "that the equities coalesced to balance in defendant's favor," and that they were entitled to a hearing on the amount due on final judgment. Our review of the record convinces us that none of these arguments is of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Stefansky's $437,000 line of credit, secured by a mortgage on residential property purchased for investment, went into default when he failed to pay the property taxes. The holder of the tax sale certificate instituted a foreclosure, which was resolved by consent order permitting Stefansky six months to redeem. When Stefansky failed to timely redeem, the bank advanced the funds necessary to discharge the tax lien in order to preserve its mortgage.

The bank subsequently instituted its own mortgage foreclosure action. Stefansky answered, claiming he was precluded from redeeming the tax certificate by the injury to

his credit caused by the bank having reported his default to the credit agencies. In addition to asserting several affirmative defenses, Stefansky also asserted a counterclaim based on remarks the bank's counsel made to his lawyer about "those people in Lakewood" that Stefansky interpreted as anti-Semitic.

Judge Buczynski struck Stefansky's counterclaim for discrimination as non-germane, advising he could proceed in the Law Division against the bank's counsel. The judge also struck Stefansky's affirmative defenses, thus leaving the parties to litigate the validity of the default.

Following discovery, Judge Hodgson granted the bank's motion for summary judgment on an undisputed factual record. The judge found Stefansky was obligated under the line of credit agreement and the mortgage to keep the taxes current. Stefansky's admitted failure to pay the taxes, resulting in institution of the tax sale foreclosure, constituted an event of default under the loan documents, which permitted the bank to accelerate the loan and reject further monthly payments.

The judge acknowledged the bank's payment of the taxes frustrated Stefansky's plan to redeem the certificate, but found its actions "could not be considered wrongful." The judge found Stefansky had "not cited to any case law or contractual provision which would preclude the plaintiff's actions to pay

off the tax lien to preserve [its] interest in the property. Default was not caused by the plaintiff but, rather, caused by the defendant's delinquency in tax payments."

We affirm, substantially for the reasons expressed by Judge Hodgson in his opinion from the bench on June 26, 2015. Because Stefansky failed to assert any error in the bank's certification of amount due, no hearing was necessary and final judgment was appropriately entered.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4752-15T1